# Exhibit "5"

*March 18, 2022 Pre-Litigation Demand Letter*

Class Action Complaint



Lauren Anderson, Esq.
Associate Attorney

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
(213) 788-4050 (Main)
(213) 788-4070 (Fax)
(855) 876-1300 (Toll-Free)
www.clarksonlawfirm.com
landerson@clarksonlawfirm.com

March 18, 2022

**VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED**

| | |
|---|---|
| Spindrift Beverage Co., Inc. | CT Corporation System |
| Attn: William Creelman, CEO | Re: Spindrift Beverage Co., Inc. |
| 55 Chapel Street, Ste. 401 | 330 N. Brand Blvd., Ste 700 |
| Newton, MA 02458 | Glendale, CA 91203 |

      Re:     Spindrift Sparking Water California Litigation

To Whom It May Concern:

      On behalf of Phillip White ("Plaintiff") and all others similarly situated[1], this letter is to notify Spindrift Beverage Co., Inc. ("Defendant") that it has violated the California Consumers Legal Remedies Act ("CLRA") by employing or committing methods, acts, or practices declared unlawful by California Civil Code Section 1750, *et seq*. Pursuant to Section 1782(a), after thirty (30) days from the date of this notice, Plaintiff intends to initiate an action against Defendant in a U.S. District Court or California Superior Court, for injunctive relief, restitution, and damages. *See* Cal. Civ. Code Section 1782(a) and (b). Further, this letter establishes a limited time period during which informal settlement of Plaintiff and the Plaintiff Class's claims may be accomplished. *Outboard Marine Corp. v. Sup. Ct.,* 52 Cal. App. 3d. 30, 41 (1975).

      The unlawful acts committed by Defendant, in violation of the CLRA, include deceptive labeling, advertising, and marketing of all flavors and varieties of Spindrift Sparkling beverages that contain citric acid, including without limitation, Spindrift Blood Orange Tangerine, Spindrift Pineapple, Spindrift Cucumber, Spindrift Orange Mango, Spindrift Spiked Pineapple, and Spindrift Spiked Mango (the "Products")[2] by claiming they contain only "sparkling water" or

---

[1] Plaintiff serves this notice on behalf of all persons who purchased the Products for personal use and not for resale in California (the "Plaintiff Class") within the last four (4) years or since the date of Product launch, whichever time period is shorter (the "Class Period").

[2] Plaintiff reserves the right to broaden his class definition to include, and hereby puts Defendant on notice of, similar violations with respect to other similar products. California courts have ruled that standing to pursue claims involving "substantially similar" products exist in circumstances such as these, i.e., similarity in products, claims, and injury to consumers. *See,*

March 18, 2022
Page 2 of 8

"spiked sparking water" and "real squeezed fruit" ("yup, that's it"). These representations are false and deceptive. In reality, the Products contain citric acid, an additive and preservative.

Defendant's actions violate Sections 1770(a)(5), (7), and (9) of the CLRA. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the proposed Plaintiff Class purchased Products that they otherwise would not have purchased and are therefore entitled to restitution in an amount to be determined at trial.

What follows is a recitation of: (1) Defendant's false, misleading, and/or deceptive advertising; (2) the basis of Plaintiff's claims; and (3) Plaintiff's demand for relief.

I.     **DEFENDANT'S FALSE, DECEPTIVE, AND MISLEADING ADVERTISING**

The Products' Sparkling water varieties front labels state, "Sparkling Water & Real Squeezed Fruit," "yup, that's it" as depicted below:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

*e.g., Prescott v. Bayer HealthCare LLC*, 2020 WL 4430958 (N.D. Cal. 2020) (purchaser of mineral-based sunscreen lotion had standing to pursue claims related to unpurchased mineral-based sunscreen varieties because "the essence of each label is the same"); *Maisel v. S.C. Johnson & Son, Inc*., 2021 WL 1788397 (N.D. Cal. 2021) (finding "substantial similarity even among diverse products" between purchased Ecover Dishwasher Tablets and 13 other cleaning products not purchased); *Bush v. Rust-Oleum Corporation*, 2021 WL 24842 (N.D. Cal. 2021) (finding standing to allege claims against two Rust-Oleum purchased products and twelve other Rust-Oleum unpurchased products because the front-label representations about their eco-friendly properties were substantially similar); *Baum v. J-B Weld Company, LLC*, 2019 WL 6841231 (N.D. Cal. 2019) (purchaser of epoxy products permitted to pursue claims involving other unpurchased epoxy products because of identical label misrepresentations, similarity in kind, and use of the same components that render the challenged label representation false).

March 18, 2022
Page 3 of 8



March 18, 2022
Page 4 of 8

The Products' Spiked Sparkling water varieties front labels state, "Spiked Sparkling Water. Real Squeezed [Fruit]," "yup, that's it" as depicted below:



Plaintiff purchased an 8 pack of Spindrift Sparkling water, orange mango variety from a Trader Joe's store in Los Angeles, CA in or around March 2022. Plaintiff made his purchase decision in part based on his belief that he would receive a product that did not contain additives or preservatives, only "sparkling water & real squeezed fruit." Plaintiff paid approximately $7.00 per package and would not have bought the Product, or would have paid significantly less for the Product, if he had known it contained citric acid. Plaintiff would like to purchase the Products again in the future if he could be sure the Products were complaint with state and federal false advertising laws.

## II. THE BASIS OF PLAINTIFF'S CLAIMS

Defendant positions its Products as unique amongst the booming sparkling water trend. Specifically, Defendant advertises that "Spindrift is America's first sparkling water made with just real squeezed fruit. Yup, that's it." Defendant's website also claims, "At Spindrift Beverage Co., we celebrate the amazing taste of real, simple ingredients every day." Defendant boasts of a "cult-like following" and claims that its recipe "has remained the same: sparkling water + real squeezed fruit."[3] Defendant proclaims, "Today, we're proud to say that all our products are just a few real, simple ingredients, Thus, the 'yup, that's it' you'll see on our cans."[4]

Defendant's labeling and advertising of the Products is false, misleading, and deceptive. Defendant falsely claims the Products contain only water (or spiked water) and fruit juice, despite the fact that they contain citric acid. Citric acid is neither water nor a "real squeezed fruit," as Defendant advertises. The FDA classifies citric acid as a preservative in its *Overview of*

---

[3] https://drinkspindrift.com/our-story/about-spindrift/ (Last visited March 17, 2022).
[4] https://drinkspindrift.com/whats-inside/ (Last visited March 17, 2022).

March 18, 2022
Page 5 of 8

*Food Ingredients, Additives, and Colors*.[5,6] The scientific community has determined that citric acid in beverages functions as a preservative by serving as an acidulant and as an indirect antioxidant, by infiltrating and then weakening or killing microorganisms through direct antimicrobial effect lowering their pH-level and thereby combatting microorganisms, and through sequestration. Furthermore, citric acid serves these functions regardless of whether it is also being used as a flavorant.[7]

      Even worse, citric acid as commercially produced today does not hail from fresh fruit, as an ordinary consumer might assume (based on both the ingredient's name and Defendant's advertising). Rather, citric acid is a processed derivation of black mold, *Aspergillus niger*.[8]

      Based on Defendant's comprehensive, multimedia advertising campaigns, including the Products' labels, Defendant's official website, paid online advertising, and other media, consumers would be shocked to learn that Defendant's Products are not "sparkling water & real squeezed fruit" ("yup, that's it"); instead, they contain additives in the form of citric acid, a preservative derived from black mold. Examples of Defendant's false and deceptive online advertising campaigns are pictured below.[9]

---

[5] *See* FDA website, https://www.fda.gov/Food/IngredientsPackagingLabeling/FoodAdditivesIngredients/ucm094211.htm (Last visited March 17, 2022).

[6] The FDA's classification of citric acid as a preservative is further confirmed by its Warning Letter, dated October 6, 2010, to the manufacturer of Chiquita brand "Pineapple Bites with Coconut" and "Pineapple Bites," in which the FDA proclaims the "Pineapple Bites" and "Pineapple Bites with Coconut" products are misbranded within the meaning of Section 403(k) of the Act [21 U.S.C. 343(k)] in that they contain the chemical preservatives ascorbic acid and citric acid, but their labels fail to declare these preservatives with a description of their functions. 21 CFR 101.22.[6] The FDA conclusively classifies citric acid as a preservative.

[7] Deman, John M. "Acids as food additives serve a dual purpose, as acidulants and as preservatives." *Principles of food chemistry*. AVI Publishing Co., Inc., 1999, p. 438 https://doi.org/10.1007/978-3-319-63607-8_6 (Last visited March 17, 2022).

[8] Sweis, I. E., & Cressey, B. C. (2018). Potential role of the common food additive manufactured citric acid in eliciting significant inflammatory reactions contributing to serious disease states: A series of four case reports. *Toxicology reports*, 5, 808–812, https://doi.org/10.1016/j.toxrep.2018.08.002; Ciriminna, R., Meneguzzo, F., Delisi, R. *et al.* Citric acid: emerging applications of key biotechnology industrial product. *Chemistry Central Journal* **11,** 22 (2017). https://doi.org/10.1186/s13065-017-0251-y; K. Kirimura, "Citric Acid," Comprehensive Biotechnology, 3, 135-42 (2011), https://www.sciencedirect.com/science/article/pii/B9780080885049001690. (Last visited March 17, 2022).

[9] https://moat.com/advertiser/spindrift-sparkling-water (Last visited March 17, 2022).









March 18, 2022
Page 7 of 8

By representing that the Products are "sparkling water" or "spiked sparking water" and "real squeezed fruit" ("yup, that's it"), Defendant seeks to capitalize on consumers' preference for less processed products with fewer additives, including preservatives, and the association between such products and a healthy diet. Consumers are willing to pay more for products without additives because of this association as well as the perceived quality, health, and safety benefits associated with additive-free foods. Not only are consumers increasingly seeking out healthy foods, they are willing to pay a premium for them. According to Nielsen's 2015 Global Health & Wellness Survey that polled over 30,000 people online, 88 percent of Americans are willing to pay more for healthier foods.[10] This, coupled with the fact that global sales of healthy food products reached $1 trillion in 2017, according to Euromonitor, means consumers are eager and willing to pay more for additive-free foods.[11] Defendant's practice of capitalizing on consumers' preferences for healthy foods and beverages is deceptive, misleading, and flatly contradictory to its branding and stated mission. This deception continues today, as consumers continue to purchase the Products under the mistaken belief that they are only "sparkling water" or "spiked sparking water" and "real squeezed fruit" ("yup, that's it") as advertised.

### III.     DEMAND FOR RELIEF

Pursuant to California Civil Code Section 1782(b), Plaintiff demands that Defendant agree to correct, repair, and rectify its unlawful acts within 30 days. In particular, Plaintiff demands that Defendant terminate its unlawful business practice as set forth herein. We also request that Defendant compensates Plaintiff for his attorneys' fees and costs pursuant to Civil Code section 1780(e) and Code of Civil Procedure section 1021.5.

**Litigation Hold Notice**:  This letter also serves as a demand that you preserve and maintain all of the following records, including but not limited to, all electronically stored information ("ESI"), records, and data, pending resolution of this matter, in accordance with state and federal law:

(1)     All internal manuals, written policies, directives, memoranda, correspondence, emails, ESI, and other records of communication concerning the Products' sales, marketing, and advertising within the last four (4) years;

(2)     All internal manuals, written policies, directives, memoranda, correspondence, emails, ESI, and other records of communication concerning the Products and/or the Products' formulation within the last four (4) years;

(3)     All advertising, marketing, and other promotional materials and ESI disseminated in the State of California within the last four (4) years;

(4)     All materials disseminated to consumers, including all communications by email and other correspondence, including ESI, that discuss or concern the Products within the last four (4) years;

(5)     All documents, including ESI, concerning consumer or employee complaints from all sources in connection with the Products within the last four (4) years;

---

[10] *See* Nielson website, https://www.nielsen.com/wp-content/uploads/sites/3/2019/04/Nielsen20Global20Health20and20Wellness20Report20-20January202015-1.pdf (Last visited March 17, 2022).
[11] *See* Euromonitor website, https://blog.euromonitor.com/health-and-wellness-the-trillion-dollar-industry-in-2017-key-research-highlights/ (Last visited March 17, 2022).

March 18, 2022
Page 8 of 8

 (6) All documents, including ESI, concerning Product returns within the last four (4) years; and

 (7) All business records, including ESI, evidencing the number of units of Products sold in California within the last four (4) years.

  If you wish to discuss this matter prior to Plaintiff initiating formal litigation, then please contact me at landerson@clarksonlawfirm.com. If we do not hear from you on or before April 18, 2022, then we, on behalf of Plaintiff and the proposed Plaintiff Class, will file our class action complaint.

  Thank you for your attention to this matter.

            Sincerely,

            CLARKSON LAW FIRM, P.C.

            Lauren E. Anderson, Esq.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Spindrift Beverage Co. Inc.
Attn: William Creelman, CEO
55 Chapel Street, Ste 401
Newton, MA 02458

9590 9402 3147 7166 2116 69

2. Article Number (Transfer from service label)

7020 2450 0001 4415 0546

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                             ☒ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                3/1/?

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

# USPS Tracking®

FAQs >

**Track Another Package +**

Remove ✕

**Tracking Number:** 70202450000144150546

Your item was delivered to an individual at the address at 12:11 pm on March 30, 2022 in NEWTON, MA 02458.

USPS Tracking Plus® Available ⌄

## ✓ Delivered, Left with Individual

March 30, 2022 at 12:11 pm
NEWTON, MA 02458

Feedback

Get Updates ⌄

---

Text & Email Updates ⌄

---

Tracking History ⌃

March 30, 2022, 12:11 pm
Delivered, Left with Individual
NEWTON, MA 02458
Your item was delivered to an individual at the address at 12:11 pm on March 30, 2022 in NEWTON, MA 02458.

March 26, 2022
Reminder to Schedule Redelivery of your item

**March 21, 2022, 1:35 pm**
Notice Left (No Authorized Recipient Available)
NEWTON, MA 02458

**March 21, 2022, 7:47 am**
Arrived at Post Office
NEWTONVILLE, MA 02460

**March 20, 2022, 10:13 pm**
Departed USPS Regional Facility
BOSTON MA DISTRIBUTION CENTER

**March 20, 2022, 8:55 am**
Arrived at USPS Regional Facility
BOSTON MA DISTRIBUTION CENTER

**March 19, 2022**
In Transit to Next Facility

**March 18, 2022, 10:51 pm**
Arrived at USPS Regional Facility
SANTA ANA CA DISTRIBUTION CENTER

Feedback

**USPS Tracking Plus®**  ⌄

**Product Information**  ⌄

See Less ︿

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   CT Corporation System
   Re: Spindrift Beverage Co. Inc
   330 N. Brand Blvd., Ste 700
   Glendale, CA 91203

   9590 9402 3147 7166 2116 76

   Article Number (Transfer from service label)
   7020 2450 0001 4415 0522

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent
                                ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No
   MAR 2 2 2022

   Delivery Service

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

# USPS Tracking®

FAQs >

**Track Another Package +**

**Tracking Number:** 70202450000144150522

Remove ✕

Your item was picked up at a postal facility at 7:20 am on March 22, 2022 in GLENDALE, CA 91209.

USPS Tracking Plus® Available ⌄

## ✓ Delivered, Individual Picked Up at Postal Facility

March 22, 2022 at 7:20 am
GLENDALE, CA 91209

Get Updates ⌄

Feedback

---

Text & Email Updates ⌄

---

Tracking History ⌃

**March 22, 2022, 7:20 am**
Delivered, Individual Picked Up at Postal Facility
GLENDALE, CA 91209
Your item was picked up at a postal facility at 7:20 am on March 22, 2022 in GLENDALE, CA 91209.

**March 21, 2022, 1:46 pm**
Available for Pickup
GLENDALE, CA 91209

**March 21, 2022, 1:23 pm**
Arrived at Post Office
GLENDALE, CA 91209

**March 21, 2022, 9:55 am**
Available for Pickup
GLENDALE, CA 91209

**March 19, 2022, 12:59 pm**
Departed USPS Regional Facility
SANTA CLARITA CA DISTRIBUTION CENTER

**March 19, 2022, 3:53 am**
Arrived at USPS Regional Facility
SANTA CLARITA CA DISTRIBUTION CENTER

**March 18, 2022, 10:51 pm**
Arrived at USPS Regional Facility
SANTA ANA CA DISTRIBUTION CENTER

Feedback

**USPS Tracking Plus®** ⌄

**Product Information** ⌄

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**